UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARCIA, et al,<br><br>        Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al,<br><br>        Defendants. | Case No.:  22-cv-1474-GPC<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**[ECF No. 26]** |

On April 14, 2023, Plaintiffs Araceli Garcia and Mario Garcia ("Plaintiffs") filed a Motion for Attorneys' Fees and Costs. ECF No. 26. Defendant Ford Motor Company ("Defendant" or "Ford") filed an Opposition, (ECF No. 29), and Plaintiffs filed a Reply, (ECF No. 30). For the reasons that follow, the Court **GRANTS** in part Plaintiffs' request and awards Plaintiffs $44,909.80 in attorneys' fees and $1,350.75 in costs.[1]

---

[1] The Court notes at the outset that the issue of subject matter jurisdiction was never determined because the Motion for Remand was denied as moot after the Parties settled. This is an unusual procedural posture, because if the Court lacks subject matter jurisdiction, the Court recognizes it could not rule on the pending Motion for Attorneys' Fees and Costs. Nevertheless, the Court finds that diversity jurisdiction exists because the citizenship of the Parties is diverse, and the amount in controversy could reasonably

1

# BACKGROUND

On April 18, 2020, Plaintiffs purchased a new vehicle from Ken Grody Ford in Carlsbad, California. ECF No. 1-3 ¶ 5. Plaintiffs state the purchased vehicle "suffered from nonconformity(s)" and that Defendant did not replace the vehicle or "otherwise [make] restitution to Plaintiffs pursuant to its obligations [under law]." *Id.* ¶ 11. As such, Plaintiffs filed this action in Orange County Superior Court on April 18, 2022 alleging violations of the Song-Beverly Consumer Warranty Act (California's "lemon law"). *Id.* at 9-11.[2]

On September 29, 2022, Defendant filed a Notice of Removal in this Court. ECF No. 1 at 5. Plaintiffs filed a Motion for Remand on October 26, 2022. ECF No. 6. On December 29, 2022, while the Motion for Remand remained pending, Defendant Ford filed a Notice of Settlement. ECF No. 21. Accordingly, the Court denied the Motion for Remand as moot. ECF No. 24. This Motion for Attorneys' Fees and Costs followed. ECF No. 26.

# LEGAL STANDARD

Under the Song-Beverly Consumer Warranty Act, "[i]f the buyer prevails in an action . . ., the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). Because this Court has diversity jurisdiction over this action, the Court must apply state substantive law to determine the reasonableness of Plaintiffs' requested

---

exceed $75,000 considering the amount of actual damages alleged in Plaintiffs' Complaint and their request for civil penalties pursuant to the Song-Beverly Act of two times the actual damages. *See* ECF No. 1-3 at 13; *see also* Cal. Civ. Code § 1794(c).
[2] Page citations reference CM/ECF pagination.

fees. *See Mangold v. California Public Utilities Comm.*, 67 F.3d 1470, 1478 (9th Cir. 1995).

Under California law, the lodestar method (total hours multiplied by the attorney's hourly rate) is the preferred method to award attorneys' fees under the Song-Beverly Act. *See Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 818-19 (Cal. Ct. App. 2006) (stating California Supreme Court has "held that the lodestar adjustment method is the prevailing rule for statutory attorney fee awards"); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135-36 (Cal. 2001). A court should "'make an initial determination of the actual time expended'" and then determine "'whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable.'" *Robertson*, 144 Cal. App. 4th at 817 (quoting *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (Cal. Ct. App. 1994)). To determine reasonableness, a court can consider the complexity of the case, the skill exhibited by the attorneys, and the results achieved. *Id.* The fee award need not be proportionate to the amount of damages recovered. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 164 (Cal. Ct. App. 2006) (finding legislative policy in favor of award of all fees expended to ensure consumers can pursue small monetary claims). Further, under California law, multipliers or fee enhancements are permitted. *Ketchum*, 24 Cal. App. 4th at 1135-36. The prevailing party has the burden to show the fees are reasonable. *Id.* at 817-18.

## DISCUSSION

The Parties do not dispute that Plaintiffs are entitled to attorneys' fees and costs; Defendant simply argues the amount Plaintiffs request is unreasonable. Plaintiffs seek $48,842.30 in attorneys' fees and $1,402.50 in costs. ECF No. 26-1 at 7. Plaintiffs state the requested attorneys' fees is based on a lodestar calculation of $37,571 plus a lodestar multiplier of 0.3 for a fee enhancement of $11,271.30. *Id.* Plaintiffs state that Defendant

refuses to "offer more than $20,000." *Id.* at 6 (citing Sannipoli Decl. ¶¶ 39-41); ECF No. 29 at 6 (Defendant's Opposition).

Plaintiffs state this amount is warranted "given Defendant's insistence on starting discovery and removing this action to Federal Court rather than respond[ing] to Plaintiffs' early settlement demand." *Id.* at 7-8. Plaintiffs' counsel argues that the inherent risk associated with contingency fee agreements, the attorneys' fair hourly rates, and the comparability of the fee requested to other fees awarded in this District and California state court all support finding the requested amount is reasonable. *Id.* at 14-19. Plaintiffs' counsel requests a 0.3 fee enhancement multiplier because of (1) the delay in payment and (2) counsel's "demonstrated expertise" in the matter and the results obtained. *Id.* at 23-24. Plaintiffs' counsel states they billed 75 hours in this case, (*id.* at 13 (citing Sannipoli Decl. ¶¶ 3-4)), and the fee motion includes detailed time records with descriptions of services rendered and receipts showing costs, (*see* ECF No. 26-3, Exhs. A-C).

Defendant argues the amount requested and the fee enhancement multiplier is unreasonable given that there was no novelty or special skill involved, there was only basic discovery, and Plaintiffs' counsel "followed the same playbook using the same stock pleadings they have used countless times before." ECF No. 29 at 4, 8-9. Defendant urges this Court to "not reward Plaintiffs' counsel['s] poor billing practices and strike improper entries . . . ." *Id.* at 4-5. Defendant argues Plaintiffs' counsel is entitled to no more than $13,983 in attorneys' fees. *Id.* at 5. Defendant disputes Plaintiffs' use of block billing and recovery for interoffice communication and administrative tasks. ECF No. 29 at 13-16. Further, Defendant argues the total cost of the invoices attached to Plaintiffs' Motion at Exhibit C is only $1,277.50, not the $1,402.50 requested. *Id.*

To determine the lodestar value of services Plaintiffs' counsel expended, the Court must perform two inquiries: (1) calculate the number of hours reasonably spent litigating

this case; and (2) determine the reasonable hourly rate for such services. *Reynolds v. Ford Motor Co.*, 261 Cal. Rptr. 3d 463, 468 (Cal. Ct. App. 2020). Plaintiffs' action involved the filing of a Complaint in state court, discovery, the preparation and filing of a Motion for Remand in this Court as well as a Reply in support thereof, settlement negotiations, and the preparation and filing of this Motion for Attorneys' Fees and Costs and the Reply in support thereof. Plaintiffs' counsel submitted billing entries along with their fee request. *See* ECF No. 26-3, Exhs. A-B.

### I.     Hours Reasonably Expended by Plaintiffs' Counsel

Under the Song-Beverly Act, the Court must determine the actual, reasonable hours expended by Plaintiffs' counsel. *Reynolds*, 261 Cal. Rptr. 3d at 468. A court must grant the prevailing buyer recovery of all "'attorneys' fees reasonably expended, without limiting the fees' to a proportion of any recovery of damages or other monetary relief." *Id.* (quoting *Graciano*, 144 Cal. App. 4th at 164). Accordingly, at this step, the Court need only determine whether the hours expended by Plaintiffs' counsel were reasonable. Plaintiffs' counsel billed 75 hours to prosecute Plaintiffs' action, although ten of these hours were "estimated" to respond to Defendant's Opposition to this Motion. ECF No. 26-3, Exh. A at 11. Defendant argues counsel's billable hours are unreasonable because this case involved no novelty and the claims were not difficult. ECF No. 29 at 8.

The Court has reviewed extensively the billing entries provided by Plaintiffs' counsel and the Defendant's objections. The Court finds the entries are reasonable to prosecute Plaintiffs' action. The majority of the billable hours relate to case management and discovery matters and settlement negotiations. The time entries rarely exceed one hour and are sufficiently detailed for the Court to determine the hours were reasonably expended and not frivolous or redundant. Counsel spent approximately 13 hours researching, drafting, and filing the Motion for Remand and the Reply in support thereof. *See* ECF No. 26-3, Exh. A at 5-6. Counsel expended approximately 8 hours drafting the

attorneys' fees motion and preparing the billing entry exhibits and declaration. *Id.* at 11. Contrary to Defendant's argument, the Court does not see any entries in which it appears Plaintiffs' counsel overcharged for tasks that are likely streamlined as a result of counsel's extensive experience with Song-Beverly litigation. *See* ECF No. 29 at 8 (arguing that Plaintiffs' counsel intentionally incurred the maximum amount of legal fees rather than litigate in an efficient manner and making use of "stock pleadings"); *see* ECF No. 26-3, Exh. A at 2 (April 18, 2022 entry billing one hour total to draft complaint, prepare civil case cover sheet, and summons, among other tasks).

Defendant does not make any objection to specific entries in Plaintiffs' billing invoice. Rather, Defendant broadly argues that counsel improperly employs block billing and counsel improperly includes hours spent on interoffice communication and administrative tasks. ECF No. 29 at 13-16. The Court finds these objections without merit. First, block billing is not prima facie objectionable. Block billing is first and foremost objectionable when billing records block bill multiple tasks in which only some are entitled to fee recovery. *See Bell v. Vista Unified School Dist.*, 82 Cal. App. 4th 672, 689 (Cal. Ct. App. 2000) (objecting to block billing because the court could not break down the hours to determine which were related to Brown Act violations and therefore recoverable and other legal claims that were not recoverable). Here, all of the tasks relate to Plaintiffs' claim under the Song-Beverly Act, and fees are recoverable under this statutory scheme. Further, only two entries exceeded even four hours of billable time—the eight hours billed to open the case, (ECF No. 26-3 Exh. A at 2), and the approximately seven hours spent drafting the attorneys' fees motion, (*id.* at 11). This is not an egregious use of block billing. The vast majority of the entries are less than one hour. Thus, block billing is not objectionable in this context.

Second, Defendant argues interoffice communication and administrative tasks are not recoverable fees. The Court agrees with Plaintiffs that Defendant cites no authority

for the allegation interoffice communication is not recoverable. ECF No. 30 at 8. Defendant supports their argument with a citation to a case in which the Supreme Court stated fee recovery is limited to those hours counsel could properly charge a client. *See* (ECF No. 29 at 15) (citing to *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Defendant does not provide support for finding that attorneys cannot, and do not, bill their clients for modest, reasonable, and necessary interoffice communication.

Defendant also argues that Plaintiffs' counsel improperly seeks fees for administrative tasks. ECF No. 29 at 15-16. The case Defendant cites, *Nikko Materials USA, Inc. v. R.E. Serv. Co.*, 2006 WL 118438 (N.D. Cal. Jan. 13, 2006), does not stand for the proposition Defendant asserts. *Nikko Materials* concerns fee recovery under the Patent Act and does not reject fees for secretarial or administrative work. In fact, it stands for the opposite proposition. *See Nikko Materials USA, Inc. v. R.E. Serv. Co.*, 2006 WL 118438, at *5 (N.D. Cal. Jan. 13, 2006) (stating the Patent Act allows for recovery of not only attorney fees, "but also the recovery of all reasonable expenses incurred in prosecuting the entire action"). The specific billing objections Defendant raises as improper "administrative tasks" are paralegal support services. ECF No. 29 at 16. Paralegal and secretarial support services are recoverable in statutory fee awards. *See Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914, 951 (Cal. Ct. App. 1985) (stating "necessary support services for attorneys, e.g., secretarial and paralegal services, are includable within an award of attorney fees"). Thus, the Court does not find these billing entries objectionable.

Accordingly, the Court finds the 65 hours Plaintiffs' counsel billed in this action was reasonable. However, Plaintiffs' counsel estimates a total of ten hours for reviewing and replying to Defendant's Opposition to the instant Motion. ECF No. 26-3, Exh. A at 11. The Court finds only five hours is reasonable to allot to this task; indeed, counsel billed approximately five hours for the preparation and filing of the Reply in support of

the earlier Motion for Remand. *Id.* at 7. Further, because the hearing on this motion is vacated, Plaintiffs' counsel need not bill for hearing preparation. Thus, the Court finds Plaintiffs' counsel can fairly be compensated for 70 billable hours in this action. The Court must next determine if the hourly rates are reasonable.

## II.     Reasonable Hourly Rates

"Reasonable hourly compensation is based on 'prevailing hourly rates' in the community, thereby 'anchoring the calculation' to an objective standard." *Reynolds*, 261 Cal. Rptr. 3d at 468 (quoting *Ketchum*, 24 Cal. 4th at 1131-32)). In this action, Plaintiffs' counsel billed attorney rates between $475 and $605 per hour. ECF No. 26-3, Exh. B at 14. Plaintiffs' counsel billed paralegal and legal assistants at rates from $235 to $265 per hour. *Id.* at 15. Counsel argues these fee rates are reasonable given the contingent nature of the litigation, the extensive experience of Plaintiffs' counsel with Song-Beverly claims, and the fact that the hourly rates are at or below the rates typically charged in the Southern California market. ECF No. 26-1 at 16.

Defendant does not appear to argue that the hourly rates are unreasonable or out of line with the current market rate.[3] The Court agrees this case did not present novel or complex issues. However, the attorneys involved are highly skilled in Song-Beverly cases, and the law firm, Bickel Sannipoli APC, is known as a "lemon law" firm throughout the state of California. ECF No. 26 at 14. The civil practice of the firm is exclusively limited to Song-Beverly claims. *Id.* The attorneys in this action have many

---

[3] In a confusing fashion, Defendant states that Plaintiffs' counsel requests $276,439 in attorneys' fees with rates as high as $890.50 per hour if a multiplier is added. ECF No. 29 at 9. Plaintiffs' counsel does not request anything close to this amount—they request 48,842.30 in attorneys' fees, including a positive fee enhancement multiplier of .3, and the highest hourly rate is $605.

years' experience litigating Song-Beverly actions and have a proven track record of success. *Id.* at 15; *see also* Sannipoli Decl. ¶ 43.

In addition, Plaintiffs' counsel's hourly rates are similar to rates that have been upheld in this District and in California state court. In 2020, Judge Whelan in the Southern District of California awarded counsel's firm attorneys' fees in a Song-Beverly case in which the highest-end attorney rate was $655. *See Chavez v. Jaguar Land Rover North America, LLC*, 2020 WL 376209, at *2 (S.D. Cal. Jan. 23, 2020). Taking into account inflation, the Court finds counsel's currently hourly rates are reasonable. Thus, the Court awards attorneys' fees in the amount of $34,546.

### III. Fee Enhancement Multiplier

"Once the touchstone or lodestar figure . . . is calculate as 'the basic fee,' 'it may be adjusted by the court [by applying a multiplier] based on factors including . . ., (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award.'" *Reynolds*, 261 Cal. Rptr. 3d at 468.

Plaintiff's counsel argues they are entitled to a .3 multiplier because of the delay in receiving payment and because of "the skill displayed in presenting the case, and the results obtained." ECF No. 26 at 23. The Court finds this multiplier is warranted and appropriate. Defendant does not in substance dispute the application of a multiplier for these *specific* reasons; Defendant simply argues that the fee is excessive and thus no multiplier is warranted. ECF No. 29 at 10.

Under California law, courts can apply positive multipliers to account for the delay between when services were actually rendered and when payment is received. *See Graham v. Daimler Chrysler Corp.*, 21 Cal. Rptr. 3d 331, 355 (Cal. 2004). "'Court-awarded fees are normally received long after the legal services are rendered. That delay

can present cash-flow problems for the attorneys. In any event, payment today for services rendered long in the past deprives the eventual recipient of the value of the use of the money in the meantime, which use, particularly in an inflationary era, is valuable. A percentage adjustment to reflect the delay in receipt of payment therefore may be appropriate.'" *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 893 (D.C. Cir. 1980)). Here, Plaintiffs' counsel has not received any payment for legal services rendered in this action since the action commenced in February 2022. *See* ECF No. 26-3 at 2. Thus, a modest multiplier of 0.2 reasonably accounts for this sixteen-month delay.

Further, the Court finds that a positive 0.1 multiplier is appropriate given the results obtained. Plaintiffs' counsel achieved a settlement of "restitution [] for payments made toward the subject vehicle, $1,000 for incidental expenses, and an agreement to pay off Plaintiffs' outstanding loan obligation." ECF No. 26 at 6. This is precisely what Plaintiffs hoped to achieve at the outset of the litigation. *Id.*

Accordingly, the Court finds support for the requested fee enhancement of 0.3. The Court awards attorneys' fees in the amount of $44,909.80.

**IV.   Costs**

Plaintiffs' Motion requests $1,402.50 in costs and expenses. ECF No. 26 at 24. Defendant does not dispute that counsel is owed costs and expenses, simply that the evidence only accounts for $1,277.50, a discrepancy of $125. ECF No. 29 at 17. Plaintiffs' Reply states the initial request for costs included an estimate of $125 to print and deliver courtesy copies of the Motion for Attorneys' Fees to this Court. ECF No. 30 at 11. In their Reply, Plaintiffs' counsel states that the actual cost for the courtesy copies was $73.25. *Id.* Plaintiffs' counsel accordingly revises the cost request to $1,350.75. Accordingly, the Court grants Plaintiffs' request for $1,350.75 in costs and expenses.

## CONCLUSION

For the reasons above, the Court **GRANTS** in part Plaintiffs' Motion for Attorneys' Fees and Costs. The Court grants Plaintiffs' counsel $44,909.80 in attorneys' fees and $1,350.75 in costs. The attorneys' fees calculation includes a fee enhancement of 0.3 to account for the delay in payment and the results obtained.

**IT IS SO ORDERED.**

Dated: June 12, 2023

Hon. Gonzalo P. Curiel
United States District Judge